UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA ALICIA CUELLAR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:18-CV-85 |
| | § | |
| THE GAP, INC.; aka OLD NAVY #5831, | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

The Court now considers the motion[1] for summary judgment filed by The Gap, Inc., d/b/a Old Navy #5831[2] ("Defendant"), the response[3] filed by Maria Alicia Cuellar ("Plaintiff"), and Defendant's reply.[4] Also pending before the Court is Defendant's motion[5] requesting a hearing on the motion for summary judgment; Defendant's motion[6] to strike Plaintiff's first supplemental Rule 26 disclosures; Defendant's motion[7] for separate (bifurcated) trials; Defendant's motion[8] to suppress or limit the testimony of Dr. Lorenzo Farolan; Defendant's motion[9] to suppress or limit the testimony of Dr. Fortino Gonzalez; Defendant's motion[10] to suppress or limit the testimony of Dr. Kevin Legendre; Defendant's motion[11] to suppress or limit the expert testimony of Dr. Letreise Winkfield; Plaintiff's opposed motion[12] to apply Texas status to prove up medical

---

[1] Dkt. No. 13.
[2] Defendant has previously informed the Court it is incorrectly named as "The Gap, d/b/a Old Navy #5831" instead of "Old Navy, LLC." *See* Dkt. No. 11.
[3] Dkt. No. 16.
[4] Dkt. No. 22.
[5] Dkt. No. 14.
[6] Dkt. No. 26.
[7] Dkt. No. 28.
[8] Dkt. No. 30.
[9] Dkt. No. 32.
[10] Dkt. No. 34.
[11] Dkt. No. 35.
[12] Dkt. No. 36.

expenses; Plaintiff's unopposed[13] motion to allow counsel to conduct voir dire; Plaintiff's motion[14] in limine; Defendant's motion[15] in limine; and Defendant's unopposed Rule 1 motion[16] to appear. After considering the motion and the relevant authorities, the Court **GRANTS** Defendant's motion for summary judgment and **DENIES as moot** the remaining motions.

I. BACKGROUND

On or about April 3, 2016, Plaintiff visited Defendant's store, Old Navy #5831, at S. 10th St. in McAllen, Texas, and walked to the dressing rooms to try on a pair of pants.[17] Plaintiff walked into an individual dressing room and immediately "slipped and fell inside a dressing room area on an unreasonably dangerous condition."[18] Plaintiff testified the dressing room floor was "very shiny, like as if it had a chemical with which they cleaned the floor . . . [but] there was no ice or water."[19] Plaintiff's response indicates Plaintiff's belief that the chemicals created a slippery surface inside the dressing rooms for lack of high foot traffic typical of the rest of the store.[20] Plaintiff testified that after she fell, "the person that opens the doors to the dressing rooms" swept the room.[21] Further, Plaintiff stated after she fell she noticed lint when she rubbed her hand on the floor.[22] Notably, Plaintiff testified she did not see anything on the floor before she fell.[23]

---

[13] Dkt. No. 37.
[14] Dkt. No. 42.
[15] Dkt. No. 46.
[16] Dkt. No. 47.
[17] Dkt. No. 16 p. 2, ¶ 6; Dkt. No. 1-1 p. 7, ¶ 4.2.
[18] Dkt. No. 16 p. 2, ¶ 6; Dkt. No. 1-1 p. 7, ¶ 4.2.
[19] Dkt. No. 13-2 pp. 5–6 ("Cuellar Dep." 19:1–7, 16–17; 20:1–3).
[20] Dkt. No. 16 p. 2, ¶ 7.
[21] Dkt. No. 13-2 p. 8 (Cuellar Dep. 28:5–8).
[22] *Id.* at pp. 8–9 (Cuellar Dep. 28:21-25; 29:1–19).
[23] *Id.* at p. 4 (Cuellar Dep. 18:7–15).

On these facts, Plaintiff filed suit in state court,[24] and Defendant subsequently removed.[25] Plaintiff's sole cause of action is premises liability.[26] Plaintiff seeks damages and any other relief to which Plaintiff may be entitled.[27]

On October 4, 2018, Defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56.[28] Plaintiff responded[29] and Defendant replied.[30] The Court now turns to its analysis.

## I. LEGAL STANDARD

### a. Motion for Summary Judgment

Under Federal Rule of Civil Procedure ("Rule") 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[31] "A fact is 'material' if its resolution could affect the outcome of the action,"[32] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[33] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[34] "Although this is an exacting standard, summary judgment is appropriate where the only issue before the court is a pure question of law."[35] As to the question of law, because federal jurisdiction is invoked on the basis of diversity of citizenship,[36] this Court, *Erie*-bound, must adhere to grounds of relief

---

[24] *See* Dkt. Nos. 1-1 pp. 5–10 (Plaintiff's Original Petition), 2-1 (Plaintiff's First Amended Petition).
[25] *See* Dkt. No. 1.
[26] Dkt. No. 1-1 pp. 7–8.
[27] *Id.* at pp. 9–10.
[28] Dkt. No. 13.
[29] Dkt. No. 16.
[30] Dkt. No. 22.
[31] Fed. R. Civ. P. 56(a).
[32] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[33] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[34] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[35] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).
[36] *See* Dkt. No. 1 p. 2.

authorized by the state law of Texas.[37] Absent a decision by Texas's highest tribunal, the decisions by Texas courts of appeals control "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[38]

The movant bears the initial burden of showing the absence of a genuine issue of material fact,[39] but is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[40] If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[41] This demonstration must specifically indicate facts and their significance,[42] and cannot consist solely of "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[43]

In conducting its analysis, the Court may consider evidence from the entire record, viewing that evidence in the light most favorable to the non-movant.[44] Rather than combing through the record on its own, however, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[45] Parties may cite to any part of the record, or bring evidence in the motion and response.[46] By either method, parties need not

---

[37] *See Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 396 (5th Cir. 2013); *Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[38] *Exxon Co. U.S.A, Div. of Exxon Corp.*, 889 F.2d at 675 (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)).
[39] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[40] *See id.* at 323–25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995).
[41] *See Celotex Corp.*, 477 U.S. at 323.
[42] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).
[43] *U.S. ex rel. Farmer v. City of Hous.*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).
[44] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[45] *See* Fed. R. Civ. P. 56(e).
[46] *See* Fed. R. Civ. P. 56(c).

proffer evidence in a form admissible at trial,[47] but must proffer evidence substantively admissible at trial.[48]

### b. Summary Judgment Evidence

In support of its motion for summary judgment, Defendant attaches: (1) Plaintiff's first amended petition[49]; (2) excerpts from Plaintiff's August 17, 2018 deposition;[50] and (3) excerpts from an August 17, 2018 deposition[51] of Ubaldo Martinez, Defendant's store manager.[52] In response, Plaintiff attaches: (1) her entire August 17, 2018 deposition;[53] (2) Defendant's motion[54] for summary judgment; (3) her first amended petition;[55] and (4) an affidavit[56] of Leticia Garza, attesting the exhibits are true and correct copies. The Court briefly examines the competency of the evidentiary sources presented before considering how the evidence bears on the Court's analysis.

Under Federal Rule of Civil Procedure ("Rule") 56, "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute."[57] "[U]nsubstantiated assertions are not competent summary judgment evidence."[58] "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which

---

[47] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[48] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[49] Dkt. No. 13-1.
[50] Dkt. Nos. 13-2.
[51] Dkt. No. 13-3 ("Martinez Dep.").
[52] Dkt. No. 13 p. 6.
[53] Dkt. No. 16-1.
[54] Dkt. No. 16-2.
[55] Dkt. No. 16-3.
[56] Dkt. No. 16-4.
[57] Fed. R. Civ. P. 56(c)(1).
[58] *Ragas*, 136 F.3d at 458 (citing *Celotex Corp.*, 477 U.S. at 324).

that evidence supports his or her claim."[59] Finally, the Court has no duty "to sift through the record in search of evidence to support a party's opposition to summary judgment."[60]

Here, Plaintiff includes in her response her own deposition testimony, some of which recounts statements allegedly made to her by Defendant's employee. Defendant, in its reply, objects to such testimony as hearsay. While Plaintiff's own deposition testimony is proper summary judgment evidence, to the extent Plaintiff is recounting statements made by others, such testimony is hearsay unless an exception applies. The record before the Court does not support an exception. Thus, the Court disregards from its analysis the statements allegedly made to Plaintiff by a store employee.

The Court also notes Plaintiff proffers Defendant's motion for summary judgment but does nothing more than reference an argument made therein. Arguments do not constitute summary judgment evidence. Additionally, Plaintiff proffers Plaintiff's first amended petition as evidence of her claims. While ordinarily a party's own pleadings would constitute hearsay, the Court obviously looks to a party's pleadings in determining what claims are asserted. Thus, while both Defendant's motion for summary judgment and Plaintiff's complaint may be considered in deciding whether summary judgment should be granted, neither should be attached to Plaintiff's response as *both are part of the docket in this case*.

The Court now turns to its consideration of Defendant's motion and Plaintiff's response.

## II. ANALYSIS

Defendant argues that summary judgment is warranted because "Plaintiff's claim of negligence is not a proper theory of recovery under the facts alleged."[61] Defendant obviously

---

[59] *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)).
[60] *Ragas*, 136 F.3d at 458 (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir. 1992), *cert. denied*, 506 U.S. 832 (1992)).

fails to comprehend that a premises liability claim is in fact a negligence claim. While Defendant references a negligent activity claim, Plaintiff does not. As Plaintiff correctly points out, she is only asserting a premises liability negligence claim. Thus, Defendant's first argument has no merit.

Defendant next argues it is entitled to summary judgment because there is no evidence Defendant had actual or constructive knowledge of any unreasonably dangerous condition and no evidence establishes the existence of an unreasonably dangerous condition.[62] Plaintiff alleges "actual knowledge can be imputed to [] Defendant through its employee's knowledge,"[63] and that Defendant's employee knew the floor was slippery before Plaintiff fell.[64] The Court ultimately finds Plaintiff fails to meet her burden on her premises liability negligence claim and sets out the reasoning below.

      a.      **Premises Liability Negligence**

The elements of a Texas premise liability claim when the injured party is an invitee, as is the case here, are:

> (1) Actual or constructive knowledge of a condition on the premises by the owner or occupier;
> (2) That the condition posed an unreasonable risk of harm;
> (3) That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and
> (4) That the owner or occupier's failure to use such care proximately caused the plaintiff's injury.[65]

Defendant maintains it had no actual or constructive knowledge of the condition and that there is no evidence establishing an unreasonably dangerous condition on the premises at the

---

[61] Dkt. No. 13 p. 4, ¶ 8.
[62] *Id.* at p. 2.
[63] Dkt. No. 16 p. 5, ¶ B.
[64] *Id.* at p. 6, ¶ C.
[65] *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).

time of Plaintiff's fall.[66] Plaintiff responds that Defendant "knew or should have known of the condition before Plaintiff's fall, the statements by Defendant's employee show that she, and therefore Defendant, had actual knowledge of the dangerous condition that caused [Plaintiff's] fall before [Plaintiff] fell."[67] Although, Defendant does not address any of the other elements and the Court finds the first prong dispositive of Plaintiff's claim, the Court notes Plaintiff also makes no showing as to any of the remaining elements.[68]

"Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident, as opposed to constructive knowledge which can be established by facts or inferences that a dangerous condition could develop over time."[69] "Circumstantial evidence establishes actual knowledge only when it 'either directly or by reasonable inference' supports that conclusion."[70]

Constructive knowledge can be inferred because of the length of time that a condition existed.[71] Plaintiff may satisfy the time notice element by establishing that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover" the condition.[72] To demonstrate a condition has existed for a sufficient length of time, "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition."[73]

---

[66] Dkt. No. 13 pp. 4–6, ¶¶ 10–13.
[67] Dkt. No. 16 p. 8.
[68] The Court notes Plaintiff mentions the second prong as a condition but presents no arguments for it. Dkt. No. 16 p. 5, ¶ 12.
[69] *City of Corsicana v. Stewart*, 249 S.W.3d 412, 414-15 (Tex. 2008).
[70] *Id.* at 415 (quoting *State v. Gonzalez*, 82 S.W.3d 322, 330 (Tex. 2002)).
[71] *Keetch*, 845 S.W.2d at 266.
[72] *Wal-Mart Stores v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).
[73] *Reece*, 81 S.W.3d at 814.

Here, Defendant argues the evidence in the record provides no indication Defendant had actual knowledge of the condition, whether Plaintiff considers said condition to be a cleaning substance or lint.[74] The Court notes Plaintiff's arguments center on actual notice but fail to definitively characterize the condition at issue—Plaintiff testifies the floor was shiny but not wet, alleges cleaning chemicals and foot traffic distinguished the dressing room floor from the main store floor, and mentions feeling lint on the floor after her fall. Regardless of which condition Plaintiff alleges is dangerous, Plaintiff fails to meet her burden of demonstrating Defendant had knowledge of any dangerous condition.

Plaintiff acknowledges she did not notice any condition before walking into the dressing room and could not attribute the condition to anything before speaking with Defendant's employee after her fall.[75] Thus, Plaintiff's present belief is only founded on "just hear[ing] what [Defendant's employee] told [Plaintiff]."[76] Yet, Plaintiff does not show Defendant had prior knowledge. As already noted, Plaintiff's alleged conversation, which is only testified to by Plaintiff, is not competent summary judgment evidence. Moreover, even if it was admissible evidence—which it is not—Plaintiff's testimony about Defendant's employee, without more, would not be sufficient to defeat summary judgment.

The only other summary judgment evidence, the deposition testimony of Ubaldo Martinez, contains no indication of Defendant creating the alleged dangerous condition, knowing about the existence of the alleged dangerous condition before Plaintiff's fall, or even receiving reports or prior complaints involving the alleged dangerous condition. Ubaldo Martinez only recounts the store's cleaning procedure to sweep and mop the dressing rooms in the morning,

---

[74] Dkt. No. 13 p. 5, ¶ 11.
[75] Dkt No. 16 pp. 6–7; Dkt. No. 16-1 p. 10 (Cuellar Dep. 20:9–22).
[76] Dkt. No. 16-1 p. 11 (Cuellar Dep. 22:4–8).

and to occasionally dry sweep during the day. Thus, there is no evidence that Defendant had actual knowledge of the alleged condition.

Plaintiff's logic is simply that because the floor was shiny, and because she fell, a dangerous condition existed that caused Plaintiff to slip and fall. Such logic presents nothing more than a res ipsa loquitor argument. Ultimately, Plaintiff must present some evidence beyond the fall itself. Plaintiff fails to do so.

As to constructive notice, Defendant argues Plaintiff can point to no evidence that the alleged dangerous condition existed for a sufficient period of time to support an inference that Defendant had constructive knowledge of the condition.[77] No evidence in the record supports such a finding.

Importantly, Plaintiff provides no argument as to the length of time the condition existed before Defendant had a reasonable opportunity to discover the condition. Nevertheless, Ubaldo Martinez's deposition sets out the store's procedure of mopping and sweeping the day of the incident.[78] Based on the store's procedure, the condition would not have existed for a sufficient amount of time for Defendant to have constructive notice of the condition, whether that be the alleged cleaning chemicals or lint, thereby defeating Plaintiff's constructive knowledge burden.

Thus, the Court finds there is no proof as to how long the condition existed, and therefore, no indication Defendant had constructive knowledge of the condition.[79] Defendant, therefore, meets its burden by showing an absence of evidence and Plaintiff's claim fails. Accordingly, Defendant's motion for summary judgment is **GRANTED**. As Plaintiff's premises liability claim is Plaintiff's only cause of action, Plaintiff's action must be **DISMISSED WITH PREJUDICE**.

---

[77] Dkt. No. 13 pp. 4–6.
[78] Martinez Dep.
[79] *See Reece*, 81 S.W.3d at 814.

### III. HOLDING

For the foregoing reasons, Defendant's motion[80] for summary judgment is **GRANTED**. Therefore, Defendant's motion[81] to request a hearing on the motion for summary judgment; Defendant's motion[82] to strike Plaintiff's first supplemental Rule 26 disclosures; Defendant's motion[83] for separate (bifurcated) trials; Defendant's motion[84] to suppress or limit the testimony of Dr. Lorenzo Farolan; Defendant's motion[85] to suppress or limit the testimony of Dr. Fortino Gonzalez; Defendant's motion[86] to suppress or limit the testimony of Dr. Kevin Legendre; Defendant's motion[87] to suppress or limit the expert testimony of Dr. Letreise Winkfield; Plaintiff's opposed motion[88] to apply Texas status to prove up medical expenses; Plaintiff's unopposed[89] motion to allow counsel to conduct voir dire; Plaintiff's motion[90] in limine; Defendant's motion[91] in limine; and Defendant's unopposed Rule 1 motion[92] to appear are **DENIED as moot**. Plaintiff's premises liability claim and Plaintiff's entire action are hereby **DISMISSED WITH PREJUDICE**. A final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 5th day of February, 2019.

Micaela Alvarez
United States District Judge

---

[80] Dkt. No. 13.
[81] Dkt. No. 14.
[82] Dkt. No. 26.
[83] Dkt. No. 28.
[84] Dkt. No. 30.
[85] Dkt. No. 32.
[86] Dkt. No. 34.
[87] Dkt. No. 35.
[88] Dkt. No. 36.
[89] Dkt. No. 37.
[90] Dkt. No. 42.
[91] Dkt. No. 46.
[92] Dkt. No. 47.